# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHANE MICHAEL WOZNIAK,

    Petitioner,

vs.

THE ATTORNEY GENERAL OF THE STATE OF NEVADA,

    Respondent.

Case No. 3:16-cv-00022-RCJ-WGC

**ORDER**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. With a comment, the court will serve the petition upon respondents for a response.

This action appears to be untimely under the one-year statute of limitation of 28 U.S.C. § 2244(d)(1). Petitioner has created a table of the dates of important events in his state-court proceedings, and he has written a statement calculating how this action is timely. Petition, at 8, 18-19 (#1). However, the dates that petitioner uses are incorrect, based upon the documents that petitioner himself has filed.

Petitioner was convicted of two counts of felony luring a child. The state district court entered its judgment of conviction on April 14, 2011. Ex. 10.[1] Petitioner appealed. Ex. 11. On February 22, 2013, the Nevada Supreme Court affirmed in part, reversed in part, and remanded to

---

[1] All exhibits cited in this order are attached to the petition (#1).

the district court for dismissal of two counts of gross-misdemeanor luring a child. Ex. 15. The Nevada Supreme Court denied rehearing on April 17, 2013. Ex. 16. The judgment of conviction became final, and the one-year period of 28 U.S.C. § 2244(d)(1) began to run, after the expiration of the time to petition the Supreme Court for a writ of certiorari on July 16, 2013. See Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009); Sup. Ct. R. 13(1).[2] On May 7, 2014, 295 days later, petitioner filed his post-conviction habeas corpus petition in the state district court. Ex. 18. The filing of the state petition tolled the federal one-year period under 28 U.S.C. § 2244(d)(2). The state district court dismissed the petition on November 20, 2014. Ex. 22. The notice of entry of order, which triggered the time to appeal under Nev. Rev. Stat. § 34.575, was mailed on December 22, 2014. Ex. 23. Petitioner timely appealed. Ex. 24. The Nevada Court of Appeals affirmed the dismissal on June 16, 2015. Ex. 27. The Nevada Supreme Court denied the petition for review on September 17, 2015. Ex. 28. The Nevada Supreme Court issued its remittitur on October 14, 2015. Ex. 29. The federal one-year period started running the next day. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).[3] On January 21, 2016, 99 days later, petitioner filed his federal habeas corpus petition (#1). A total of 394 non-tolled days have passed from the finality of the judgment of conviction to the filing of the petition (#1), and the petition appears to be untimely. Respondents may raise the timeliness of this action in their response to the petition (#1).

IT IS THEREFORE ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

---

[2] Petitioner incorrectly states that the Nevada Supreme Court denied rehearing on May 15, 2013. Petition, at 19 (#1). Petitioner might be using the date that the state district court received the remittitur from the Nevada Supreme Court. See Ex. 17. However, in petitioner's case the time to file a petition for a writ of certiorari started to run with the Nevada Supreme Court's denial of rehearing, not from the issuance of the remittitur, and certainly not from the date that the district court received the remittitur. See Sup. Ct. R. 13(3).

[3] Petitioner incorrectly states that the Nevada Supreme Court denied the petition for review itself on October 16, 2015. Petitioner might be using the date that the state district court received the remittitur from the Nevada Supreme Court. See Ex. 29. The federal one-year period is tolled under § 2244(d)(2) until the remittitur is issued, but the relevant date for ending the tolling is when the Nevada Supreme Court issues the remittitur, not when the state district court receives the remittitur.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition (#1) and this order.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 shall apply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED: This 6th day of May, 2016.

_____
ROBERT C. JONES
United States District Judge